1
2
3 **IN THE UNITED STATES DISTRICT COURT**
4 **EASTERN DISTRICT OF CALIFORNIA**
5

| | |
|---|---|
| 6  WANG XAY KUE, ET AL., | CASE NO.  1:14-CV-00388 AWI GSA |
| 7              Plaintiffs, | **SCHEDULING CONFERENCE ORDER** |
| 8  | Initial Disclosure:  July 21, 2014 |
| 9  | Nonexpert |
| 10 | Discovery Cutoff:  March 30, 2015 |
| 11 | Expert Disclosure:  April 27, 2015 |
| 12 | Rebuttal |
| 13       v. | Expert Disclosure:   May 26, 2015 |
| 14 | Expert Discovery Cutoff:  July 17, 2015 |
| 15 | Nondispositive Motion Filing |
| 16 | Deadline:  August 7, 2015 |
| 17 | Dispositive Motion Filing Deadline:  September 11, 2015 |
| 18 | Settlement Conf.:  **Not Set** |
| 19 | Pretrial Conf.:  Date: December 16, 2015 |
| 20 UNITED STATES DEPARTMENT OF | Time: 10:00 a.m. Dept: 2 |
| 21 THE INTERIOR, | Court Trial:  Date: February 23, 2016 |
| 22              Defendant. | (7 day est.)  Time: 8:30 a.m. Dept: 2 |
| 23 | |

24     This Court conducted a scheduling conference on June 17, 2014.  Counsel Daniel O'Leary

25 telephonically appeared on behalf of the Plaintiffs.  Counsel Alyson Berg personally appeared on

26 behalf of the Defendant.  Pursuant to Fed. R. Civ. P. 16(b), this Court sets a schedule for this

27 action.

28 ///

1    **I.      Amendment To The Parties' Pleadings**

2            The parties do not anticipate any amendments to the pleadings.  The parties are advised

3    that the filing of motions and/or stipulations requesting leave to amend the pleadings does not

4    reflect on the propriety of the amendment or imply good cause to modify the existing schedule.

5    Good cause must be established if the amendment requires any modification of the scheduling

6    order. Fed. R. Civ. P. 16 (b) (4); *see also  Johnson v. Mammoth Recreations, Inc.*, 975 F. 2d 604,

7    609 (9th Cir. 1992).  Moreover, any request for amendment under Fed. R. Civ. P. 15(a) must not

8    be : (1) prejudicial to the opposing party; (2) the product of undue delay; (3) proposed in bad

9    faith; or (4) futile. *See Foman v. Davis*, 371 U.S. 178, 182 (1962).

10   **II      Consent To Magistrate Judge**

11           The parties have not consented to conduct all further proceedings in this case, including

12   trial, before the Honorable Gary S. Austin, United States Magistrate Judge.  Due to this Court's

13   heavy caseload, the parties are *strongly* encouraged to consent to Magistrate Judge jurisdiction

14   pursuant to 28 U.S.C. § 636(c).

15           The parties are advised that due to the high number of cases in the district, the District

16   Court Judges are setting multiple trials on the same day.  When a civil trial is set before the

17   Honorable Senior District Judge Anthony W. Ishii, any scheduled criminal trial will take priority

18   over the civil case, even if the civil trial was set first.  Civil trials will no longer be continued

19   under these circumstances absent a specific finding of good cause.  Instead, when multiple trials

20   are scheduled on the same date, criminal cases will proceed first. Civil cases will trail from day to

21   day or week to week, until the criminal cases are completed.  In some instances, cases may be

22   assigned to visiting District Court Judges from other districts.  Pursuant to Local Rules, Appendix

23   A, such reassignments will be random, and the parties will receive no advance notice before their

24   case is reassigned to a visiting judge.  In contrast, a case assigned to a Magistrate Judge is likely

25   to proceed on the scheduled date.  Finally, a judgment entered by a Magistrate Judge is

26   appealable directly to the United States Court of Appeals for the Ninth Circuit.

27   **III.      Fed. R. Civ. P. 26(a)(1)**

28            Initial disclosures shall be completed on or before **July 21, 2014.**

2

**IV.   Discovery Cutoffs And Limits**

All non-expert discovery shall be completed no later than **March 30, 2015.**  Initial expert witness disclosures shall be served no later than **April 27, 2015.**  Rebuttal expert witness disclosures shall be served no later than **May 26, 2015.**  Such disclosures must **be made pursuant to Fed. R. Civ. P. 26(a)(2)(A), (B) and (C), and shall include all information required thereunder**.  In addition, Fed. R. Civ. P. 26(b)(4) and Fed. R. Civ. P. 26(e) specifically apply to discovery relating to expert witnesses and their opinions.  Each expert witness must be fully prepared to be examined on all subjects and opinions included in the disclosures.  Failure to comply with these requirements will result in the imposition of appropriate sanctions, including the preclusion of the expert's testimony, or of other evidence offered through the expert.  In particular, this Court will exclude expert testimony or other evidence for a failure to comply with Fed. R. Civ. P. 26(e).  All expert discovery shall be completed no later than **July 17, 2015.**

**V.   Pretrial Motion Schedule**

**A.   *Non-Dispositive Motions***

All Non-Dispositive Pre-Trial Motions, *including any discovery motions*, shall be filed no later than **August 7, 2015,** and heard in Courtroom 10 before Magistrate Judge Gary Austin.  Non-dispositive motions are heard on Fridays at 9:30 a.m.  In scheduling such motions, the parties shall comply with Local Rule 230.

The parties are advised that unless prior leave of the Court is obtained at least seven (7) days before the filing deadline, *all* moving and opposition briefs or legal memoranda filed in civil cases before Magistrate Judge Austin shall not exceed twenty five (25) pages.  Reply briefs by the moving party shall not exceed ten (10) pages.  These page limits do not include exhibits.  Briefs exceeding this page limit, or those filed without the requisite leave, may not be considered by the Court.

Counsel or pro se parties may appear and argue non-dispositive motions by telephone, provided a written request to so do is made to Magistrate Judge Austin's Courtroom Deputy no later than five (5) court days before the noticed hearing date.  In the event that more than one party requests to appear by telephone, the parties shall coordinate a one-line conference call to the

chambers' telephone number at 559-499-5960.

### 1.   *Discovery Disputes*

If a motion is brought pursuant to Fed. R. Civ. P. 37, the parties must prepare and file a Joint Statement re: Discovery Disagreement ("Joint Statement") as required by Local Rule 251.[1] In scheduling such motions, Magistrate Judge Austin may grant applications for an order shortening time pursuant to Local Rule 144(e).  Motions to shorten time will *only* be granted upon a showing of good cause.  If a party does not obtain an order shortening time, the notice of motion *must* comply with Local Rule 251.

Prior to the filing of the Joint Statement, the parties must meet and confer.  In order to satisfy the meet and confer requirement set forth in Local Rule 251(b), the parties must communicate with each other in person, over the telephone, or via video conferencing before filing the Joint Statement.  E-mail exchanges will not suffice. The Court may issue sanctions against any party that fails to meet and confer in good faith.

A Joint Statement must be filed seven (7) calendar days before the scheduled hearing date. In addition to filing the Joint Statement electronically, a copy of the Joint Statement in Word format must be sent to Magistrate Judge Austin's chambers via email to gsaorders@caed.uscourts.gov.  Courtesy copies for any pleading in excess of twenty-five pages (including exhibits) shall also be delivered to chambers at the time the Joint Statement is electronically filed.  Motions will be removed from the Court's calendar if the Joint Statement is not timely filed, or if courtesy copies are not timely delivered.

### B.   *Dispositive Motions*

All Dispositive Pre-Trial Motions shall be served and filed no later than **September 11, 2015,** and will be heard before District Court Judge Anthony W. Ishii, in Courtroom 2.  In scheduling such motions, the parties shall comply with Fed. R. Civ. P. 56 and Local Rules 230 and 260.

### 1.   Motions for Summary Judgment or Summary Adjudication

Prior to filing a motion for summary judgment or motion for summary adjudication, the

---

[1] Certain limited exceptions from filing the required Joint Statement are outlined in Local Rule 251(e).

parties are ORDERED to meet and confer, in person or by telephone, to discuss the issues to be raised in the motion.  The purpose of meeting shall be to : 1) avoid filing motions for summary judgment where a question of fact exists; 2) determine whether the respondent agrees that the motion has merit in whole or in part; 3) discuss whether issues can be resolved without the necessity of briefing; 4) narrow the issues for review by the court; 5) explore the possibility of settlement before the parties incur the expense of briefing a summary judgment motion; and 6) arrive at a joint statement of undisputed facts.

The moving party shall initiate the meeting and file the joint statement of undisputed facts. In the notice of motion, the moving party shall certify that the parties have met and conferred as ordered above, or set forth a statement of good cause for the failure to meet and confer.

**VI.    Settlement Conference**

A settlement conference has not been scheduled.  The parties are advised to contact the court if they determine that a settlement conference would be beneficial.

Consideration of settlement is a serious matter that requires thorough preparation prior to the settlement conference.  Provided below are the procedures this Court will employ when conducting a settlement conference.

*A.    Required Pre-Settlement Conference Communications*

A settlement conference is more likely to be productive if the parties have exchanged written settlement proposals in advance of the conference.  Accordingly, at least twenty-one (21) calendar days prior to the settlement conference, plaintiff's counsel shall submit a written itemization of damages and a good faith *settlement demand* to defendant's counsel with a brief explanation of why the demand is appropriate.  Thereafter, but no later than seven (7) calendar days prior to the settlement conference, defendant's counsel shall submit a good faith written *offer* to plaintiff's counsel with a brief explanation of why the offer is appropriate.

Completion of this process may lead directly to a settlement.  If settlement is not achieved, plaintiff's counsel shall e-mail or fax copies of all settlement proposals along with his/her *Confidential Settlement Conference Statement* to chambers.  Copies of these documents are not to be filed on the court docket.

**B.     Confidential Settlement Conference Statement**

At least four (4) calendar days prior to the settlement conference, the parties shall submit the *Confidential Settlement Conference Statement* in Word format to Magistrate Judge Austin's chambers via email gsaorders@caed.uscourts.gov.  This statement shall include the following:

1.     A list of all elements of each cause of action or affirmative defense pled in the party's respective complaint or answer;

2.     A brief statement identifying facts supporting each cause of action or affirmative defense;

3.     A description outlining the factual and legal contentions upon which the parties agree or disagree;

4.     A description identifying the impediments to settlement, including financial, emotional or legal concerns;

5.     A summary of the settlement attempts to date;

6.     A statement of the specific relief sought; and

7.     A statement identifying any third party (i.e., lien holder, etc.) with a legal interest in this action.

**C.     Attendance**

The attorneys who will try the case shall appear at the settlement conference accompanied by the named parties and all persons having authority to negotiate the settlement.[2]  If appropriate, the principal representative shall have approval to settle the action on the terms consistent with the opposing party's most recent demand.

**D.     Mediation Format**

A mediation format will be employed during the settlement conference.  The lawyers, the parties, and all representatives must be fully prepared to participate.  The Court encourages all participants to be flexible and to reassess their previous positions, as well as to put their best

---

[2] Insurance carriers, business organizations, and governmental agencies whose settlement agreements are subject to approval by legislative bodies, executive committees, boards of directors, et cetera, shall be represented by a person or persons who occupy high executive positions in the party organization and who will be directly involved in the process of approval of any settlement offers or agreements.

6

1   efforts forward so that a mutually agreeable settlement can be reached.

2      **E.**  ***Duty of Counsel to Set the Settlement Conference Date***

3      Counsel shall contact the Courtroom Deputy to set a settlement conference when all

4   parties agree that participation would be effective, but preferably not later than sixty (60) days

5   after the close of discovery.

6      **F.**  ***Statements Inadmissible***

7      The Court expects full and candid participation during the settlement conference.  With

8   this in mind, statements made by any party or attorney during the settlement conference are not to

9   be used in discovery and will not be admissible at trial.

10      **G.**  ***Sanctions***

11      Failure to follow these procedures will result in removal of the settlement conference from

12   the Court's calendar and may result in additional sanctions.

13   **VII.** **Pretrial Conference**

14      The pretrial conference is set for **December 16, 2015, at 10:00 a.m.,** in Courtroom 2,

15   before District Court Judge Anthony W. Ishii.  The parties are directed to file a joint pretrial

16   statement which complies with the requirements of this Court's Local Rule 281.  In addition, the

17   joint pretrial statement should include a brief factual summary and an agreed upon neutral

18   statement of the case.  An additional copy of the joint pretrial statement, carefully prepared and

19   executed by all counsel, shall be electronically filed in CM/ECF and shall be e-mailed in Word

20   format to District Court Judge Ishii's chambers at awiorders@caed.uscourts.gov.

21      The parties' attention is directed to this Court's Local Rules 281 and 282.  This Court will

22   insist upon strict compliance with these rules.  At the pretrial conference, the Court will set

23   deadlines to file motions in limine, final witness lists, exhibits, jury instructions, objections, and

24   other trial documents.

25   **VIII.** **Court Trial Date**

26      A 7 day court trial is set for **February 23, 2016 at 8:30 a.m.** in Courtroom 2 before

27   District Court Judge Anthony W. Ishii. The parties shall comply with Local Rule 285 when

28   preparing their trial briefs.

**VIX.** **Request for Bifurcation, Appointment of Special Master, or other Techniques to Shorten Trial**

Not applicable at this time.

**X.** **Related Matters Pending**

There are no related matters.

**XI.** **Compliance with Federal Procedures**

All counsel are expected to familiarize themselves with the Federal Rules of Civil Procedure and the Local Rules of the Eastern District of California and to keep abreast of any amendments thereto. The Court requires strict compliance with these rules. Sanctions will be imposed for failure to follow the rules as provided in both the Federal Rules of Civil Procedure and the Local Rules of the Eastern District of California.

**XI.** **Effect Of This Order**

This order represents the Court and the parties' best estimated schedule to complete this case. Any party unable to comply with the dates outlined in this order shall immediately file an appropriate motion or stipulation identifying the requested modification(s).

***The dates set in this Order are considered to be firm and will not be modified absent a showing of good cause, even if a stipulation to modify is filed.*** Stipulations extending the deadlines contained herein will not be considered unless they are accompanied by affidavits or declarations with attached exhibits, where appropriate, which establish good cause for granting the requested relief. Due to the impacted nature of the civil case docket, this Court disfavors requests to modify established dates.

Failure to comply with this order shall result in the imposition of sanctions.

IT IS SO ORDERED.

Dated:   **June 18, 2014**            **/s/ Gary S. Austin**
                                        UNITED STATES MAGISTRATE JUDGE

8